# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRUCE BETZNER and BARBARA BETZNER, | ) ) ) |
| *Plaintiffs*, | ) Case No: ) |
| v. | ) ) |
| A.O. SMITH CORPORATION, et al. | ) ) ) |
| *Defendants*. | |

## THE BOEING COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1442(a) and 1446, Defendant The Boeing Company (hereinafter "Boeing"), hereby files this Notice of Removal of the above-captioned matter to the United States District Court for the Southern District of Illinois.

In support of this Notice of Removal, Boeing states as follows:

1. Plaintiffs filed a First Amended Complaint against Boeing in the Circuit Court of Madison County, Illinois on May 1, 2018. Plaintiffs allege that Bruce Betzner developed mesothelioma as a result of exposure to asbestos. (*See* Plaintiff's First Amended Complaint, attached as Exhibit A).

2. Plaintiffs' First Amended Complaint added Boeing as a defendant, and generally alleged that Bruce Betzner was exposed asbestos fibers emanating from certain products he worked with or around at various locations from 1963 to 2002. (*See* Exhibit A).

3. Specific to Boeing, Plaintiffs' First Amended Complaint alleged negligence for the inclusion of asbestos in its products. (*See* Exhibit A, at Count I).

4. Plaintiffs served their First Amended Complaint on Boeing on May 17, 2018. (*See* Plaintiff's Notice of Service of Process, attached as Exhibit B).

5. On March 13 & 14, 2018, Plaintiff sat for his two day discovery deposition. Boeing was not present at this deposition, as Boeing was not a Defendant in the case at this time. Plaintiff testified, however, regarding his alleged exposures to asbestos as a result of work at Ling Temco Vought in Dallas, Texas from 1967 to 2015. Relevant to Boeing, Plaintiff testified that he was involved in the assembly of B-1 and B-1B Lancer aircraft, which he alleges exposed him to asbestos. (*See* Bruce Betzner, Discovery Deposition Transcript, Vol. I at 141:12 – 158:10, attached as Exhibit C; and Vol. II at 122:10-123:24, attached as Exhibit D).

6. In addition, Plaintiff executed an affidavit which also states he worked on the B1-B aircraft program from March 1982 to January 1987. (*See* Affidavit of Bruce Betzner, Exhibit E).

## GROUNDS FOR REMOVAL

7. This Notice of Removal has been timely filed in accordance with U.S.C. § 1446(b) within thirty days of the date that Boeing was served in this case.

8. This action is being removed on federal officer grounds pursuant to 28 U.S.C. § 1442(a). The basis for removal is that this action involves a person (Boeing) who, in relation to the claims being stated against it, acted under the authority, direction, and control of an officer or agency of the United States and who can state a colorable federal law-based "government contractor" defense to those claims.

9. The allegations in Plaintiffs' First Amended Complaint were not sufficiently specific to advise Boeing of any basis for federal officer jurisdiction (*See* Exhibit A).

10. Plaintiff's affidavit and deposition testimony, however, demonstrate that his claims against Boeing arise, in part, from alleged exposures to asbestos from Boeing B-1 and B-

1B Lancer aircraft, a heavy bomber manufactured for the U.S. Air Force. Therefore, this matter is ripe for removal pursuant to 28 U.S.C. §1442(a). (*See* Exhibits C - E).

11. Boeing offers the following statement and citations to authority at this time in satisfaction of its obligations under 28 U.S.C. § 1446, to provide a short and plain statement of the legal and factual basis for its removal.[1]

12. Removal is appropriate under 28 U.S.C. § 1442(a)(1) whenever it is shown that: (1) the defendant is a person; (2) the defendant acted under the direction of a federal officer; (3) a "causal nexus" exists between the plaintiff's claims and the actions taken by the defendant under color of its federal office; and (4) the defendant has a colorable federal defense. *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180-81 (7th Cir. 2012); *Douthitt*, 2013 U.S. Dist. LEXIS 132480 (S. Dist. Ill. 2013); *see also Mesa v. California*, 489 U.S. 121 (1989).

13. As a corporation, Boeing is a "person" for purposes of § 1442(a)(1). *See, e.g., Ruppel*, 701 F.3d at 1181; *Isaacson v. Dow Chem Co.*, 517 F.3d 129, 135-36 (2d Cir. 2008); *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398 (5th Cir. 1998), cert. denied, 526 U.S. 1034 (1999).

14. In designing, manufacturing, supplying, testing, and repairing B-1 and B-1B aircraft for the United States military, Boeing acted as a government contractor under the detailed and ongoing direction and control of one or more federal officers.

15. When Boeing entered into contracts with the United States government to design, manufacture, test, and supply B-1 and B-1B military aircraft, the government maintained exclusive control over the design and development of the aircraft and required adherence to detailed specifications approved by the government. In sum, all relevant aspects of the design,

---

[1] Boeing reserves its rights to submit additional factual and legal support for this notice of removal in opposition to any motion for remand filed by Plaintiffs.

manufacture, testing and repair of aircraft for the United States armed forces were subject to close, detailed, and ongoing supervision and control of the United States government and its officers.

16. Numerous federal courts have held, in light of similar facts, that military contractors were "acting under a federal officer" in relation to the design, manufacture, and supply of equipment to the United States government. *Ruppel*, 701 F.3d 1181; *Douthitt*, 2013 U.S. Dist. LEXIS 132480 at *7-8; *Allen v. CBS Corp.*, 2009 WL 4730747 at *2 (D. Conn. Dec. 1, 2009); *Mitchell v. AC&S, Inc.*, 2004 WL 2821228 at 2 (E.D. Va. Dec. 15, 2004).

17. It is axiomatic that, if a defendant has been sued for asbestos-related injuries purportedly arising from or relating to equipment that it manufactured and supplied to the United States government under the government's detailed direction and control, such as B-1 aircraft, that defendant has been sued in relation to conduct under color of its federal office, satisfying the "causal nexus" requirement. *See Ruppel*, 701 F.3d 1181; *Douthitt*, 2013 U.S. Dist. LEXIS 132480 at *7-8; *Madden v. Able Supply Co.*, 205 F. Supp. 2d 695, 701-02 (S.D. Tex. 2002).

18. As to the element of a colorable federal-law based defense, Boeing hereby asserts a government contractor defense under *Boyle v. United Technologies Corp.*, 487 U.S. 500, 512 (1988) in that: (1) it designed, manufactured, and supplied the aircraft at issue in accordance with "reasonably precise specifications" promulgated or adopted by the United States government; (2) the equipment conformed with those specifications; and (3) at all times relevant to this suit, the United States government was independently aware of potential health hazards associated with asbestos exposure.

19. Boeing is not required to notify, or obtain the consent of, any other defendant to this action in order to remove this entire suit pursuant to 28 U.S.C. § 1442(a)(1). *See, e.g.,*

*Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006); *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998).

20. The United States District Court for the Southern District of Illinois is the federal judicial district encompassing the Circuit Court of Madison County, where this suit was originally filed. 28 U.S.C. § 93(c). Therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. §§ 1332(a)(3) and 1441(a).

21. In addition to Plaintiffs' First Amended Complaint, Boeing has attached those documents required by 28 U.S.C. § 1446(a).

22. Written notice of the filing of this Notice of Removal is being given promptly to Plaintiff by service hereof, and a copy of the Notice of Removal is being promptly filed with the Illinois Circuit Court of Madison County, as required by 28 U.S.C. § 1446(d).

23. Removal of this action is proper under 28 U.S.C. § 1442. Consistent with the short and plain statement of the law and facts set forth above, the federal district courts have original jurisdiction over the subject matter of this suit under 28 U.S.C. § 1442(a)(1) because Boeing was acting under an officer or agency of the United States government in relation to the claims stated against it and can state at least a colorable federal law-based defense to said claims. *See Ruppel*, 701 F.3d at 1179-86.

Wherefore, Boeing, pursuant to these statutes and in conformance with the requirements of 28 U.S.C. §1446, removes this action from the Illinois Circuit Court of Madison County.

        Respectfully submitted,

        **Maron Marvel Bradley Anderson & Tardy LLC**

        By: */s/ Greg M. McMahon*
          **Attorneys for THE BOEING COMPANY**

Greg M. McMahon, ARDC # 6278015
Brian T. Lesiewicz, ARDC #6309538
Leslie A. Federer, ARDC # 6325614
Maron Marvel Bradley Anderson & Tardy LLC
227 W. Monroe Street – Suite 3600
Chicago, Illinois 60606
(312) 767-1314 (ofc)
(312) 579-3144 (fax)
gmcmahone@maronmarvel.com
blesiewicz@maronmarvel.com
lfederer@maronmarvel.com