# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRUCE BETZNER and BARBARA BETZNER, | ) ) ) |
| Plaintiffs, | ) ) ) Case No. 18-CV-1294-SMY-RJD |
| vs. | ) ) |
| A.O. SMITH CORPORATION, et al, | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This case is before the Court *sua sponte* for determination of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("it is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case"). For the following reasons, this matter is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois.

Plaintiffs Bruce and Barbara Betzner originally filed this lawsuit in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, alleging that Bruce Betzner sustained injuries due to asbestos exposure. On June 18, 2018, Defendant Boeing Co. removed the action to this Court, asserting federal subject matter jurisdiction pursuant to 28 U.S.C. § 1442, the federal officer removal statute (Doc. 1).

The federal officer removal statute permits removal of a state court action to federal court when such action is brought against "[t]he United States or an agency thereof of any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an

official or individual capacity for any act under color of such office." 28 U.S.C. § 1442(a)(1). The party seeking removal bears the burden of proving the grounds for its motion. *Shah v. Inter–Continental Hotel Chi. Operating Corp.,* 314 F.3d 278, 280 (7th Cir. 2002).

As the proponent of jurisdiction, Boeing must show that it was a (1) "person" (2) "acting under" the United States, its agencies, or its officers (3) that has been sued "for or relating to any act under color of such office," and (4) has a colorable federal defense to Plaintiff's claim. *See* 28 U.S.C. § 1442(a); *Mesa v. California*, 489 U.S. 121, 124–25 (1989). Boeing maintains that it was acting under an officer or agency of the United States government in relation to Plaintiffs' claims and that "it can state at least a colorable federal defense to Plaintiffs' claims." However, Boeing's 71-page Notice of Removal is devoid of any facts, supporting affidavits, or exhibits supporting its claimed government contractor defense.[1]

Boeing's bald assertions are insufficient to meet the criteria for federal officer jurisdiction. As such, this Court lacks subject matter jurisdiction over this matter and is obligated, pursuant to 28 U.S.C. § 1447(c), to remand the case back to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois. Accordingly, the Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED: June 21, 2018**

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**

---

[1] Boeing's sole support is that Betzner testified that while he was employed by Ling Temco Vought as a Manufacturing Engineering Project Manager, he was involved in the assembly of the B-1B Lancer aircraft.