**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| BRUCE BETZNER and BARBARA BETZNER, | ) ) ) |
| *Plaintiffs*, | ) ) Case No: 18-cv-01294 |
| v. | ) ) ) |
| A.O. SMITH CORPORATION, et al. | ) ) |
| *Defendants*. | ) |

**THE BOEING COMPANY'S MOTION TO RECONSIDER
THE COURT'S *SUA SPONTE* ORDER TO REMAND**

Defendant, The Boeing Company (hereafter "Boeing" or "Defendant"), by its counsel, respectfully moves pursuant to 28 U.S.C. § 1447(d) and Fed. R. Civ. P. 59(e) for reconsideration of the Court's June 21, 2018 *sua sponte* Order to remand this case to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois (the "Order"). In support, Boeing states as follows:

**I.     INTRODUCTION**

Boeing seeks reconsideration of the Order, which concluded that Boeing's Notice of Removal, "is devoid of any facts, supporting affidavits, or exhibits supporting its claimed government contractor defense." Boeing respectfully submits that this Court's decision is flawed in that Boeing's Notice of Removal sufficiently laid out the grounds for federal officer jurisdiction as it contained, as directed by 28 U.S.C. § 1446(a), a "short and plain statement of the grounds for removal" pursuant to federal officer jurisdiction under 28 U.S.C. § 1442(a). Furthermore, the United States Supreme Court has definitively stated that because a notice of removal is subject to the same liberal pleading rules that apply to other pleadings, the "short and plain statement" mandated by 28 U.S.C. § 1446(a) does not require supporting affidavits or

{47001.00092 / W0890980}

exhibits to substantiate the factual allegations set-forth in a notice of removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549 (2014).

Removal is appropriate under 28 U.S.C. § 1442(a)(1) whenever it is shown that: (1) the defendant is a person; (2) the defendant acted under the direction of a federal officer; (3) a "causal nexus" exists between the plaintiff's claims and the actions taken by the defendant under color of its federal office; and (4) the defendant has a colorable federal defense. *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180-81 (7th Cir. 2012); *Douthitt*, 2013 U.S. Dist. LEXIS 132480 (S. Dist. Ill. 2013); *see also Mesa v. California*, 489 U.S. 121 (1989). Boeing's Notice of Removal included the following statements of fact substantiating removal pursuant to 28 U.S.C. § 1442(a):

1. Plaintiff's affidavit and deposition testimony demonstrate that his claims against Boeing arise, in part, from alleged exposures to asbestos from Boeing B-1 and B-1B Lancer aircraft, a heavy bomber manufactured for the U.S. Air Force. [See Doc. No. 1 at ¶ 10.]

2. As a corporation, Boeing is a "person" for purposes of § 1442(a)(1). *See, e.g., Ruppel*, 701 F.3d at 1181; *Isaacson v. Dow Chem Co.*, 517 F.3d 129, 135-36 (2d Cir. 2008); *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398 (5th Cir. 1998), cert. denied, 526 U.S. 1034 (1999). [See Doc. No. 1 at ¶ 13.]

3. In designing, manufacturing, supplying, testing, and repairing B-1 and B-1B aircraft for the United States military, Boeing acted as a government contractor under the detailed and ongoing direction and control of one or more federal officers. [See Doc. No. 1 at ¶ 14.]

4. When Boeing entered into contracts with the United States government to design, manufacture, test, and supply B-1 and B-1B military aircraft, the government maintained exclusive control over the design and development of the aircraft and required adherence to

detailed specifications approved by the government. [See Doc. No. 1 at ¶ 15.]

5. All relevant aspects of the design, manufacture, testing and repair of aircraft for the United States armed forces were subject to close, detailed, and ongoing supervision and control of the United States government and its officers. [See Doc. No. 1 at ¶ 15.]

6. When a defendant is sued for asbestos-related injuries purportedly arising from or relating to equipment that it manufactured and supplied to the United States government under the government's detailed direction and control, such as B-1 aircraft, that defendant has been sued in relation to conduct under color of its federal office, satisfying the "causal nexus" requirement. *See Ruppel*, 701 F.3d 1181; *Douthitt*, 2013 U.S. Dist. LEXIS 132480 at *7-8; *Madden v. Able Supply Co.*, 205 F. Supp. 2d 695, 701-02 (S.D. Tex. 2002). [See Doc. No. 1 at ¶ 17.]

7. Boeing has a government contractor defense under *Boyle v. United Technologies Corp.*, 487 U.S. 500, 512 (1988) in that: (1) it designed, manufactured, and supplied the aircraft at issue in accordance with "reasonably precise specifications" promulgated or adopted by the United States government; (2) the equipment conformed with those specifications; and (3) at all times relevant to this suit, the U.S. government was independently aware of potential health hazards associated with asbestos exposure. [See Doc. No. 1 at ¶ 18.]

The statements of fact set-forth in Boeing's Notice of Removal clearly satisfy the liberal pleadings standard requiring only a plausible allegation in support federal court jurisdiction.

## II. ARGUMENT

### A. The Notice of Removal Only Requires A Short and Plain Statement of the Facts Giving Jurisdiction

"A defendant seeking to remove a case from state to federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'"

*Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549 (2014) (*citing* 28 U.S.C. § 1446(a)). "A statement 'short and plain' **need not contain evidentiary submissions**." *Dart Cherokee,* 135 S. Ct. 551 (emphasis added). The submission of evidence establishing the factual allegations underlying the removal is **only required** when the plaintiff contests, or the court questions, the defendant's allegations. *Id.* (emphasis added). The "short and plain statement" standard was borrowed from Fed. R. Civ. P. 8(a) by Congress in order to "'simplify the pleading requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Id*. At 553 (citing H.R.Rep. No. 100-889, p. 71 (1988)).

In *Dart Cherokee*, the Supreme Court assessed the sufficiency of a notice of removal filed by the defendant, Dart Cherokee, in a class action claim that was removed to federal court pursuant to the Class Action Fairness Act, which has a $5 million minimum amount in controversy requirement. *Id*. At 552. Dart Cherokee's Notice of Removal alleged, without any supporting evidence, that the amount at issue totaled more than $8.2 million. *Id*. In response to Plaintiff's Motion for Remand, Dart Cherokee filed an affidavit of an executive offer stating that the amount in controversy was $11 million. *Id.* The Supreme Court held that Dart Cherokee's notice of removal satisfied 28 U.S.C. § 1446(a), which requires only a plausible allegation of the facts substantiating removal and does not require evidentiary support therefore. *Id.* at 554.

Accordingly, Boeing's Notice of Removal satisfied the "short and plain statement" requirements of 28 U.S.C. § 1446(a).

    B.  <u>**Boeing's Notice of Removal Satisfied the Requirements of 28 U.S.C. □ 1442**</u>

Removal is appropriate under 28 U.S.C. § 1442(a)(1) whenever it is shown that: (1) the defendant is a person; (2) the defendant acted under the direction of a federal officer; (3) a

"causal nexus" exists between the plaintiff's claims and the actions taken by the defendant under color of its federal office; and (4) the defendant has a colorable federal defense. *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180-81 (7th Cir. 2012); *Douthitt*, 2013 U.S. Dist. LEXIS 132480 (S. Dist. Ill. 2013); *see also Mesa v. California*, 489 U.S. 121 (1989).

      *i.*    *Boeing is a Person*

As a corporation, Boeing is a "person" for purposes of § 1442(a)(1). *See, e.g., Ruppel*, 701 F.3d at 1181; *Isaacson v. Dow Chem Co.*, 517 F.3d 129, 135-36 (2d Cir. 2008); *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398 (5th Cir. 1998), cert. denied, 526 U.S. 1034 (1999). [See Doc. No. 1 at ¶ 13.]

      *ii.*    *Boeing acted under the direction of a federal officer*

The B-1 and B-1B were heavy bombers manufactured by Boeing for the U.S. Air Force. [See Doc. No. 1 at ¶ 10.] In designing, manufacturing, supplying, testing, and repairing B-1 and B-1B aircraft for the U.S. military, Boeing acted as a government contractor under the detailed and ongoing direction and control of one or more federal officers. [See Doc. No. 1 at ¶ 14.] When Boeing entered into contracts with the U.S. government to design, manufacture, test, and supply B-1 and B-1B military aircraft, the government maintained exclusive control over the design and development of the aircraft and required adherence to detailed specifications approved by the government. [See Doc. No. 1 at ¶ 15.] All relevant aspects of the design, manufacture, testing and repair of aircraft for the United States armed forces were subject to close, detailed, and ongoing supervision and control of the United States government and its officers. [See Doc. No. 1 at ¶ 15.]

Based upon the foregoing, it is evident that Boeing was acting under the direction of a federal officer in designing, manufacturing, supplying and repairing the B-1 and B-1B heavy

bomber aircraft for the U.S. Air Force. Moreover, numerous federal courts have held, in light of similar facts, that military contractors were "acting under a federal officer" in relation to the design, manufacture, and supply of equipment to the United States government. *Ruppel*, 701 F.3d 1181; *Douthitt*, 2013 U.S. Dist. LEXIS 132480 at *7-8; *Allen v. CBS Corp.*, 2009 WL 4730747 at *2 (D. Conn. Dec. 1, 2009); *Mitchell v. AC&S, Inc.*, 2004 WL 2821228 at 2 (E.D. Va. Dec. 15, 2004). [See Doc. No. 1 at ¶ 16.]

    iii. <u>There is a "causal nexis" between Plaintiff's claims and actions taken by Boeing at the direction of a federal officer</u>

  Plaintiff's allegations against Boeing arise, in part, from purported exposures to asbestos while working on Boeing B-1 and B1-B aircraft at Ling Temco Vought between 1982 and 1987. [See Doc. No. 1 at ¶ 10.] Plaintiff's allegations for asbestos-related injuries purportedly arising from or relating to B-1 and B-1B heavy bombers that Boeing manufactured and supplied to the U.S. Air Force under the government's detailed direction and control, clearly satisfies the "causal nexus" requirement. *See Ruppel*, 701 F.3d 1181; *Douthitt*, 2013 U.S. Dist. LEXIS 132480 at *7-8; *Madden v. Able Supply Co.*, 205 F. Supp. 2d 695, 701-02 (S.D. Tex. 2002). [See Doc. No. 1 at ¶ 17.]

    iv. <u>Boeing has a colorable federal defense</u>

  Boeing asserts a government contractor defense under *Boyle v. United Technologies Corp.*, 487 U.S. 500, 512 (1988) in that: (1) it designed, manufactured, and supplied the aircraft at issue in accordance with "reasonably precise specifications" promulgated or adopted by the United States government; (2) the equipment conformed with those specifications; and (3) at all times relevant to this suit, the United States government was independently aware of potential health hazards associated with asbestos exposure.

Boeing does not bear the burden of proving the colorable federal defense giving rise to federal officer jurisdiction in its notice of removal. The United States Court of Appeals for the Seventh Circuit held in *Ruppel v. CBS Corp.*, an asbestos personal injury action involving exposure to turbines on military vessels:

> At [the removal stage], we are concerned with who makes the ultimate determination, not what that determination will be. If defendants had to "virtually ... win [their] case before [they] can have it removed," we would leave nothing for the eventual trial court to decide. *Acker*, 527 U.S. at 431 (internal quotations omitted); see *Willingham*, 395 U.S. at 407. The validity of the defense will present "complex issues, but the propriety of removal does not depend on the answers." *Venezia v. Robinson*, 16 F.3d 209, 212 (7th Cir.1994). Instead, the claimed defense need only be "plausible." *Id*.

701 F.3d 1176, 1182 (7th Cir. 2012).

Thus, to justify removal, a defendant need not assert a "clearly sustainable defense," nor does he need to "win his case before he can have it removed." *Willingham*, 395 U.S. at 407; see also *Jefferson Cnty. v. Acker*, 527 U.S. 423, 431 (1999). Rather, where a defendant seeks removal pursuant to 28 U.S.C. § 1442(a)(1), "no determination of fact is required but it must fairly appear from the showing made that [the defendant's removal] claim is not without foundation and is made in good faith." *Colorado v. Symes,* 286 U.S. 510, 519 (1932).

Based on the foregoing, Boeing's notice of removal meets the criteria for removal set-forth under 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 1446. As such, Boeing respectfully requests that this Honorable Court overturn the Order remanding the case to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, and allow this case to proceed in the U.S. District Court for the Southern District of Illinois.

### C. Alternatively, Boeing Requests the Opportunity to File A Substantive Memorandum With Supporting Affidavits and Exhibits Evidencing Federal Officer Jurisdiction

As discussed in Section II(a), *supra*, the U.S. Supreme Court stated that the submission of evidence in support of factual allegations set-forth in a Notice of Removal is only required when the plaintiff contests, or the court questions, the defendant's allegations. *Dart Cherokee,* 135 S. Ct. 551. To the extent this Honorable Court seeks further evidence in support of Boeing's assertion of federal officer jurisdiction related to Plaintiff's claims of asbestos exposure arising from work on the B-1 and B-1B heavy bombers, Boeing requests the opportunity to submit a memorandum in support of federal officer jurisdiction pursuant to 28 U.S.C. § 1442(a), which attaches affidavits and exhibits which substantiate the factual allegations set-forth in the notice of removal and in support of its government contractor defense.

Boeing has previously relied upon the declaration of George Durham, the former Contract Administrator for the B-1 program, in support of a government contractor defense. (Declaration of George Durham, attached hereto as Exhibit 1.) Mr. Durham stated, based upon more than 20 years involvement in the B-1 program, that the U.S. Air Force maintained the ultimate authority to approve the design specifications and other contract requirements of B-1 aircraft. Ex. 1 at ¶ 5. Further, the B-1 aircraft designs could not be finalized until the U.S. Air Force issued its final approval and entered into a negotiated contract with Boeing. Ex. 1 at ¶ 6. Moreover, Boeing did not design or manufacture many components on the B-1 aircraft, including the engines, which were Government Furnished Aircraft Equipment, procured independently by the U.S. Air Force from a third-party and supplied to Boeing for installation. Ex. 1 at ¶ 10.

To the extent the Court seeks additional evidence in support of Boeing's assertion of federal officer jurisdiction, Boeing will rely upon the declaration of George Durham, as well as the declarations of Nolan Leatherman and Thomas McCaffrey, and numerous contractual documents related to the design and fabrication of the B-1 and B-1B aircraft for the U.S. Air Force.

### D. This Court Retains Jurisdiction for Boeing's Motion to Reconsider

This Court has jurisdiction to hear Boeing's Motion to Reconsider the Order pursuant to 28 U.S.C. § 1447(d), which states that, "an order remanding a case to the State court from which it was removed pursuant to **section 1442 or 1443** of this title shall be reviewable by appeal or otherwise." Furthermore, "a motion to reconsider is available to correct manifest errors of law and fact." *Worlds v. National Railroad Passenger Corp.*, 1990 WL 84519, at *1 (N.D. Ill. 1990) (citing *Publisher's Resource Inc. v. Walker-David Publications, Inc.*, 726 F.2d 557, 561 (7th Cir. 1985)).

Wherefore, Boeing requests that this Honorable Court issue an order:

- Directing the Clerk of Court to re-open this case;
- Striking the Court's Order Remanding the case to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois; and
- Directing the Circuit Court of the Third Judicial Circuit, Madison County, Illinois to proceed no further in this action.

Respectfully submitted,

**Maron Marvel Bradley Anderson & Tardy LLC**

By: */s/ Brian T. Lesiewicz*
 *Attorneys for THE BOEING COMPANY*

Greg M. McMahon, ARDC #6278015
Brian T. Lesiewicz, ARDC #6309538
Leslie A. Federer, ARDC #6325614
227 W. Monroe Street – Suite 3600
Chicago, Illinois 60606
(312) 767-1314 (ofc)
(312) 579-3144 (fax)
gmcmahone@maronmarvel.com
blesiewicz@maronmarvel.com
lfederer@maronmarvel.com