IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRUCE BETZNER and BARBARA BETZNER, | ) ) ) |
| Plaintiffs, | ) ) ) Case No. 18-CV-1294-SMY-RJD |
| vs. | ) ) |
| A.O. SMITH CORPORATION, et al, | ) ) |
| Defendants. | ) ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiffs Bruce and Barbara Betzner originally filed this lawsuit in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, alleging that Bruce Betzner sustained injuries due to asbestos exposure. On June 18, 2018, Defendant Boeing Company removed the action to this Court, asserting federal subject matter jurisdiction pursuant to 28 U.S.C. § 1442, the federal officer removal statute (Doc. 1). The Court *sua sponte* remanded the case to state court, finding that it lacked subject matter jurisdiction due to Boeing's failure to support its claimed government contractor defense (*see* Doc. 9). Now pending before the Court is Boeing's Motion for Reconsideration (Doc. 12). For the following reasons, the Motion is **DENIED**.

## DISCUSSION

Under Rule 59(e), the Court may alter or amend its judgment if the movant "clearly establish[es] (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Acc. Ins. Co.,* 698 F.3d 587, 598 (7th Cir. 2012) (quoting *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th

Cir. 2006)). The rule "enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir. 1996). A proper motion to reconsider does more than take umbrage and restate the arguments that were previously made and rejected. *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006).

In support of its Motion for Reconsideration, Boeing asserts that this Court's decision to remand is flawed because Boeing's Notice of Removal sufficiently set forth the grounds for federal officer jurisdiction. More specifically, Boeing maintains that it was acting under an officer or agency of the United States government in relation to Plaintiffs' claims, and that it can state at least a colorable federal defense to said claims.

Citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547 (2014), Boeing contends it need only provide a short and plain statement – not evidentiary submissions – to support removal. Boeing further contends that the submission of evidence establishing the factual allegations underlying removal is only required when the plaintiff contests, or the court questions, the defendant's allegations. Boeing's argument is problematic for two reasons; its reliance on *Dart Cherokee* is wholly flawed, and the Court in fact questions its allegations.

In *Dart Cherokee Basin Operating Co., LLC v. Owens*, the Supreme Court examined whether a Notice of Removal in an action filed under the Class Action Fairness Act need only plausibly demonstrate the amount in controversy, or whether actual evidence of the amount in controversy must be expressly provided in the Notice. 135 S.Ct. 547, 551 (2014). The Supreme Court concluded that only a "short and plain" statement is necessary in the Notice of Removal ***as to amount in controversy.*** *Id.* But *Dart Cherokee* is inapposite to the instant case.

Here, Boeing sought to remove this action based on the federal officer removal statute. As the proponent of removal, it had the burden of establishing that it was a (1) "person" (2)

"acting under" the United States, its agencies, or its officers (3) that has been sued "for or relating to any act under color of such office," and (4) has a colorable federal defense to Plaintiff's claim. *See* 28 U.S.C. § 1442(a); *Mesa v. California*, 489 U.S. 121, 124–25 (1989). The Court is not required to take Boeing's allegations at face value. *See Venezia v. Robinson*, 16 F.3d 209, 211 (7th Cir. 1994) (Section 1442(a)(1) does not permit removal on the federal party's say-so; there must be a *bona fide* federal defense to the claim based on state law). While Boeing's Notice and attachments were voluminous, they simply did not provide sufficient information on which the Court could find that removal was proper. That being the case, the Court did not commit a manifest error of law or fact – the Notice was deficient and Boeing failed to establish the existence of federal jurisdiction.

Recognizing the deficiencies in its Notice, Boeing now seeks the opportunity to file a substantive memorandum with supporting affidavits and exhibits purportedly evidencing federal officer jurisdiction. In support of its Motion for Reconsideration, and as an example, Boeing submitted an almost-illegible Affidavit from George Durham III, taken from a 2008 state court case. Boing claims Durham's Affidavit establishes that the U.S. Air Force maintained the ultimate authority to approve the design specifications and other contractual requirements of B-1 aircraft. However, "being regulated even when a federal agency directs, supervises, and monitors a company's activities in considerable detail ... is not enough to make a private firm a person 'acting under' a federal agency." *Lu Junhong v. Boeing Co.,* 792 F.3d 805, 809 (7th Cir. 2015) (noting that "after today, it would be frivolous for Boeing or a similarly-situated defendant to invoke § 1442 as a basis of removal).

Moreover, it is obvious that Boeing waited until the eleventh hour to file its Notice[1], hoping the Court would either disregard its failure to provide sufficient support for removal or allow it to supplement after the 30-day removal deadline. This Court declines to grant such a mulligan.[2]

**IT IS SO ORDERED.**

**DATED:  June 29, 2018**

                                            **s/ Staci M. Yandle**
                                            **STACI M. YANDLE**
                                            **United States District Judge**

---

[1] Indeed, the Notice was filed at 17:15 on the last day of the statutory period for removal.
[2] Boeing's Motion for Leave to File Exhibits Under Seal (Doc. 15) is DENIED as MOOT.