# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRUCE BETZNER and BARBARA BETZNER, | ) ) ) |
| Plaintiffs, | ) ) ) Case No. 18-CV-1294-SMY-RJD |
| vs. | ) ) |
| A.O. SMITH CORPORATION, et al, | ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Before the Court is Plaintiffs' Motion to Dismiss Defendant the Boeing Company Pursuant to Agreement by the Parties and Motion to Remand (Doc. 45). No objections to the Motion have been filed. For the following reasons, the Motion is **GRANTED**.

Plaintiffs originally filed this action in the Third Judicial Circuit, Madison County, Illinois, alleging injuries due to exposure to asbestos (*See* Doc. 1-1). Defendant Boeing Company removed the action to this Court pursuant to the provisions of 28 U.S.C. § 1442(a)(1), which provides for removal when a defendant is sued for acts undertaken at the direction of a federal officer (Doc. 1). No Co-Defendant has identified a basis for federal jurisdiction other than the federal officer removal statute, which only Boeing raised.

The federal officer removal statute is an exception to the well-pled complaint rule, which requires federal jurisdiction to arise on the face of the Complaint. *Ruppel v. CBS Corp.,* 701 F.3d 1176, 1180 (7th Cir. 2012) (citing *Mesa v. California,* 489 U.S. 121, 136 (1989)). Section 1442(a)(1) permits the removal of the entire case, even though the federal officer defense may not

1

apply to all of the claims. *Alsup v. 3–Day Blinds, Inc.,* 435 F.Supp.2d 838, 844 (S.D. Ill. 2006). The claims not subject to the federal officer jurisdiction are subject to a type of ancillary jurisdiction. *Futch v. AIG Inc.,* 2007 WL 1752200 at *4 (S.D. Ill. 2007) (citing 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, *Federal Practice and Procedure* § 3727 (3d ed. 1998 & Supp. 2007)). However, it may be appropriate to remand the ancillary claims after the federal claims have dropped out. *Sullivan v. Conway,* 157 F.3d 1092, 1095 (7th Cir. 1998).

The Seventh Circuit has identified three circumstances where remand would be inappropriate: (1) where the statute of limitations would bar the refiling of claims in state court; (2) where substantial judicial resources have already been spent on the litigation; and (3) where the outcome of the claims is obvious. *Williams Elecs. Games, Inc. v. Garrity,* 479 F.3d 904, 907 (7th Cir. 2007). Where these exceptions do not apply, there is a general reluctance to exercise jurisdiction over the remaining claims because of the strong interest of the state in enforcing its own laws. *Groce v. Eli Lilly & Co.,* 193 F.3d 496, 501 (7th Cir. 1999). There is also a preference in federal court towards remand in asbestos cases where one defendant out of many removes the case based on a federal defense. *See Futch,* 2007 WL 1752200.

Here, the Court declines to exercise jurisdiction over this matter. The only basis for federal jurisdiction is the federal defense of Boeing who has settled its claim with Plaintiffs, and no other defendant has raised the federal officer removal statute as a defense or objected to remand.[1] The remaining claims are governed by state law, and Plaintiffs' choice of forum is state court. Accordingly, Plaintiffs' motion is **GRANTED** and this case is **REMANDED** to the Third Judicial Circuit, Madison County, Illinois. All pending motions are **DENIED** as **MOOT**.

---

[1] The Court construes the lack of a response as an admission of the merits of the Motion pursuant to Local Rule 7.1(c).

**IT IS SO ORDERED.**

**DATED:  April 4, 2019**

**STACI M. YANDLE
United States District Judge**